# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. MW 18-027**

---

**Bankruptcy Case No. 17-40675-EDK**
**Adversary Proceeding No. 17-04055-EDK**

---

**JOVEL ORTEGA,**
Debtor.

---

**WILLIAM K. HARRINGTON, United States Trustee,**
**Plaintiff-Appellee,**

v.

**HOMAYOUN MAALI,**
**Defendant-Appellant.**

---

**Tester, Godoy, and Cary, U.S. Bankruptcy Appellate Panel Judges.**

## JUDGMENT OF DISMISSAL

Homayoun Maali ("Maali") appeals from the bankruptcy court's July 16, 2018 order denying his request for a stay pending appeal ("Order Denying Stay") of an order denying reconsideration (the "Order Denying Reconsideration") of the court's refusal to grant his request for a jury trial. For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

On October 24, 2017, the United States Trustee, William K. Harrington (the "U.S. Trustee"), commenced an adversary proceeding against Maali, alleging multiple violations of 11 U.S.C. § 110. In his complaint, the U.S. Trustee sought the imposition of fines, disgorgement of

fees, damages for fraudulent, unfair or deceptive practices, and a permanent injunction from further violations of 11 U.S.C. § 110 and/or from acting as a bankruptcy petition preparer. Maali filed an answer and counterclaim, asserting, inter alia, that the U.S. Trustee had discriminated against him on the basis of race. The U.S. Trustee filed a motion to dismiss the counterclaim, alleging that it was "devoid of any facts, whatsoever." Maali opposed the motion to dismiss, alleging in pertinent part:

> The [U.S. Trustee] has used improper avenue or means in the form of dismissal motion . . . since the complaint is filed with the [J]ustice Department and Defendant in his pleading requested Jury Trial . . . .

The bankruptcy court granted the U.S. Trustee's motion to dismiss on February 6, 2018.[1] On the same date, following a pre-trial hearing, the bankruptcy court entered an order denying Maali's request for a jury trial and scheduling the matter for a non-jury trial commencing May 2, 2018. Pursuant to an assented to motion to continue the trial filed by the U.S. Trustee, the bankruptcy court rescheduled the trial for August 2, 2018. Thereafter, the bankruptcy court continued the trial date to permit the completion of discovery by September 26, 2018. A pretrial hearing is currently scheduled for that date as well.

On June 29, 2018, Maali filed a motion for reconsideration of his request for a jury trial. On July 11, 2018, the bankruptcy court entered the Order Denying Reconsideration, denying that motion.

Two days later, Maali filed a notice of appeal of the Order Denying Reconsideration. See BAP No. MW 18-025. On July 27, 2018, the Panel entered a Judgment of Dismissal, dismissing

---

[1] Maali filed an appeal of the order dismissing the counterclaim, which the Panel dismissed as interlocutory on March 12, 2018. See BAP No. MW 18-005. Maali has appealed the Panel's judgment of dismissal to the U.S. Court of Appeals for the First Circuit (the "First Circuit").

2

that appeal as interlocutory.[2]  See U.S. Trustee v. Maali (In re Ortega), BAP No. MW 18-025 (B.A.P. 1st Cir. July 27, 2018).  In the interim, Maali had filed a motion with the bankruptcy court, seeking a stay of the Order Denying Reconsideration pending appeal.  On July 16, 2018, the bankruptcy court entered the Order Denying Stay, which order is the subject of this appeal.  In his statement of issues, Maali claims, without explanation, that the Order Denying Stay "violates [his] constitutional rights."

**DISCUSSION**

"A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits," even if the litigants do not raise the issue.  Encanto Rests., Inc. v. Aquino Vidal (In re Cousins Int'l Food, Corp.), 565 B.R. 450, 458 (B.A.P. 1st Cir. 2017) (citing Rivera Siaca v. DCC Operating, Inc. (In re Olympic Mills Corp.), 333 B.R. 540, 546-47 (B.A.P. 1st Cir. 2005)).  The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders.  28 U.S.C. § 158(a); Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998); see also Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692, 1695 (2015) (discussing the Panel's jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a)).  A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  In re Bank of New Eng. Corp., 218 B.R. at 646 (citations omitted).  An interlocutory order "only decides some intervening matter pertaining to the cause, and requires

---

[2]  Maali has also appealed the dismissal of his appeal of the Order Denying Reconsideration to the First Circuit.

3

further steps to be taken in order to enable the court to adjudicate the cause on the merits." Id. (quoting In re Am. Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985)); see also Sitka Enters., Inc. v. Segarra Miranda (In re González), 795 F.3d 288, 291 (1st Cir. 2015) (stating "orders in which the merits are not determined are generally not final") (citation omitted) (internal quotations omitted).

Generally, a bankruptcy court's order denying a motion for stay pending appeal is not a final order for purposes of appeal. Walker v. Fed. Nat'l Mortg. Ass'n (In re Walker), No. 91-3883, 1991 WL 244954, at *1 (6th Cir. Nov. 22, 1991); In re Atencio, 913 F.2d 814, 816 (10th Cir. 1990); Nat'l Bank of Commerce v. Barrier (In re Barrier), 776 F.2d 1298, 1299 (5th Cir. 1985). Therefore, the Order Denying Stay is not final and appealable as of right.

The Panel has discretionary authority to grant leave to appeal from interlocutory orders pursuant to 28 U.S.C. § 158(a)(3). In determining whether to hear an interlocutory appeal from an order of a bankruptcy court under 28 U.S.C. § 158(a)(3), appellate courts in this circuit typically apply the factors set forth in 28 U.S.C. § 1292(b) which define the jurisdiction of courts of appeal to review interlocutory orders. See, e.g., Rodriguez-Borges v. Lugo-Mender, 938 F. Supp. 2d 202, 212 (D.P.R. 2013); Nickless v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (In re Advanced RISC Corp.), 317 B.R. 455, 456 (D. Mass. 2004) (considering 28 U.S.C. § 1292(b) factors); JBI v. Dirs. and Officers of JBI (In re Jackson Brook Inst., Inc.), 280 B.R. 1, 4 (D. Me. 2002) (same); In re Bank of New Eng., 218 B.R. at 652 (same); Ne. Sav., F.A. v. Geremia (In re Kalian), 191 B.R. 275, 277 (D.R.I. 1996) (same). "Section 1292(b) permits appellate review of certain interlocutory orders, decrees and judgments . . . to allow appeals from orders other than

final judgments when they have a final and irreparable effect on the rights of the parties." Bank of New Eng., 218 B.R. at 652 n.17 (citation omitted) (internal quotations omitted). However, leave to appeal should be used "sparingly and only in exceptional circumstances." In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988).

To determine whether to exercise its discretion to review an interlocutory appeal, the Panel considers the following factors: (1) whether the order involved controlling questions of law;[3] (2) whether there exists a substantial ground for difference of opinion;[4] and (3) whether immediate appeal from the order might materially advance the ultimate termination of the litigation.[5] See Advanced RISC, 317 B.R. at 456; see also Bank of New Eng., 218 B.R. at 652. For an issue to rise to the level of difficulty and significance required under 28 U.S.C. § 1292(b), the case must involve "difficult and pivotal questions of law not settled by controlling authority." In re Bank of New Eng., 218 B.R. at 653. Dissatisfaction with the court's decision or a "garden variety legal argument" will not suffice. Id.

---

[3] A controlling question of law is an issue "embodied in an order which, if reversed, would terminate the action." In re Jackson Brook Inst., Inc., 280 B.R. at 5.

[4] A substantial ground for difference of opinion occurs only in "rare cases" where an interlocutory appeal presents one or more "'difficult and *pivotal* questions of law not settled by controlling authority.'" In re Bank of New Eng. Corp., 218 B.R. at 653 (quoting McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)) (internal quotations omitted); see also Watson v. Boyajian (In re Watson), 309 B.R. 652, 660 (B.A.P. 1st Cir. 2004).

[5] "The requirement that an appeal will materially advance the ultimate termination of the litigation is 'closely tied' to the controlling-question-of-law element," and is satisfied "if reversal of the [ ] decision advances the termination of the litigation." Meijer, Inc. v. Ranbaxy Inc., 245 F. Supp. 3d 312, 315 (D. Mass. 2017) (citation omitted).

We conclude that the statutory test is not satisfied in this case. Based on an examination of the bankruptcy court's docket,[6] including Maali's statement of the issues on appeal, we conclude that the Order Denying Stay does not involve a controlling legal issue; nor does it appear that there is a substantial ground for difference of opinion regarding the order. Lastly, an immediate appeal of the Order Denying Stay would likely delay, rather than advance, the ultimate termination of the litigation.[7] Mindful that leave to appeal should be granted sparingly and only in exceptional circumstances, we will not exercise our discretion to hear this interlocutory appeal.

## CONCLUSION

For the reasons set forth above, this appeal is **DISMISSED** for lack of jurisdiction.

BY THE PANEL:

Dated:  August 17, 2018        By:    /s/ Leslie C. Storm
                                      Leslie C. Storm, Clerk

[cc:  Hon. Elizabeth D. Katz; Clerk, U.S. Bankruptcy Court, District of Massachusetts; and Mr. Homayoun Maali; Eric Bradford, Esq.; Stephen Meunier, Esq.; Jon Kurland, Esq.]

---

[6] See TD Bank, N.A. v. LaPointe (In re LaPointe), 505 B.R. 589, 591 n.1 (1st Cir. BAP 2014) (stating "we may take judicial notice of the bankruptcy court's docket and imaged papers").

[7] Furthermore, in the event that the First Circuit affirms the Order Denying Reconsideration, this appeal would become moot, thus depriving the Panel of jurisdiction.